**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

| | |
|---|---|
| JENNIFER FOX, individually and on behalf of all others similarly situated, | **CLASS ACTION** |
| *Plaintiff*, | **Case No.** |
| vs. | **JURY TRIAL DEMANDED** |
| UNITED WHOLESALE MORTGAGE, LLC, | |
| *Defendant*. | |
| _____/ | |

## CLASS ACTION COMPLAINT

1.      Plaintiff, Jennifer Fox ("Plaintiff"), brings this action against Defendant, United Wholesale Mortgage, LLC ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Colorado No-Call List Act, Colo. Rev. Stat. §§ 6-1-901 et seq. ("CNCLA").

## NATURE OF THE ACTION

2.      This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (the "TCPA"), and the Colorado No-Call List Act, Colo. Rev. Stat. §§ 6-1-901 et seq. (the "CNCLA").

3.      This case arises from Defendant's transmission of multiple unauthorized text messages to cellular telephones and violations of the National Do Not Call Registry of Plaintiff and others, without regard to consumers' consent or privacy rights.

4.      Defendant is a wholesale mortgage lending corporation engaged in providing mortgage products and services to consumers across the United States.

5.      To promote its services, Defendant engages in aggressive unsolicited telemarketing, harming thousands of consumers in the process. Defendant utilizes aggressive marketing to push its products and services without regards to consumers' rights under the TCPA.

6.      Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of herself and members of the class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

7.      Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. This Court also has supplemental jurisdiction over Plaintiff's Colorado state law claims under 28 U.S.C. § 1367. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

8.      Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff resides within this district, Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct

against Plaintiff occurred within the District of Colorado and, on information and belief, Defendant has sent the same telemarketing text messages complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in sending such texts have occurred within this district, subjecting Defendant to jurisdiction in the District of Colorado.

## PARTIES

9.      Plaintiff is a natural person who, at all times relevant to this action, was a resident of El Paso County, Colorado.

10.      Plaintiff is, and at all times relevant hereto was, an individual and the sole subscriber of the residential telephone number ending in 2130 (the "2130 Number") that received Defendant's text message solicitations.

11.      Defendant is a Michigan limited liability company with its principal place of business located at 40600 Ann Arbor Rd E, STE 201, Plymouth, MI 48170.

12.      Defendant directs, markets, and provides its business activities throughout the United States, including the State of Michigan.

13.      Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## COLORADO NO-CALL LIST ACT, COLO. REV. STAT. §§ 6-1-901 ET SEQ.

14.      The Colorado No-Call List Act ("CNCLA") prohibits telephone solicitations to residential and wireless telephone subscribers who have registered their telephone numbers on the Colorado no-call list. Colo. Rev. Stat. § 6-1-904(1)(a).

15.    Pursuant to Colo. Rev. Stat. § 6-1-905(3)(c), the Colorado no-call list incorporates the federal National Do Not Call Registry, such that numbers registered on the NDNCR are also protected under the CNCLA.

16.    The CNCLA explicitly defines "telephone solicitation" to include text message communications. Colo. Rev. Stat. § 6-1-903(10)(a).

17.    Colo. Rev. Stat. § 6-1-113 provides a private right of action for consumers who receive telephone solicitations in violation of the CNCLA to recover actual damages or $500 per violation, whichever is greater, or $1,500 per violation for intentional violations, along with reasonable attorney's fees and costs.

## FACTUAL ALLEGATIONS

18.    Defendant is a wholesale mortgage lending corporation engaged in providing mortgage products and lending services to consumers across the United States.

19.    Beginning at least on or about February 2026, Defendant sent or caused to be sent multiple telemarketing text messages to Plaintiff's 2130 Number. Specifically, Defendant sent telemarketing text messages to Plaintiff on February 2, 2026, February 3, 2026, February 4, 2026, February 5, 2026, February 6, 2026, February 9, 2026, February 10, 2026, February 11, 2026, February 12, 2026, February 13, 2026, February 16, 2026, February 17, 2026, February 18, 2026, February 27, 2026, and March 2, 2026. As shown below:







20.     Defendant's text messages were transmitted to Plaintiff's cellular telephone, and within the time frame relevant to this action.

21.     Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in Defendant's property, goods, or services, i.e., Defendant's mortgage and lending services.

22.     The information contained in the text messages advertises Defendant's various procedures and promotions, which Defendant sends to promote its business.

23.     Defendant sent the subject texts within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district. Upon information and belief, Defendant caused other text messages to be sent to individuals residing within this judicial district.

24.     Defendant's texts were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

25.     Plaintiff has no existing business relationship with Defendant.

26.     At no point in time did Plaintiff provide Defendant with her express written consent to be contacted.

27.     Specifically, Plaintiff never completed any type of form that clearly and conspicuously authorized Defendant to contact Plaintiff's residential cellular telephone with marketing text messages.

28.     Plaintiff is the subscriber and sole user of the 2130 Number and is financially responsible for it.

29.     Plaintiff's 2130 Number is her residential telephone number used for personal purposes. Plaintiff's 2130 Number is her primary way of being contacted in her home.

30.     Plaintiff registered her 2130 Number with the national do-not-call registry on December 6, 2014, and has been registered at all times relevant to this action.

31.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

32.    The text messages originated from telephone numbers (248) 825-4910, (248) 988-9183, (586) 576-6201, and (586) 500-7604, numbers which upon information and belief are owned and operated by Defendant or on behalf of Defendant.

33.    On information and belief, Defendant sought a financial benefit from the telemarketing text messages it placed to Plaintiff and the putative class members, as it attempted to derive business from these messages.

34.    Defendant's unsolicited text messages caused Plaintiff actual harm, including invasion of her privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's text messages also inconvenienced Plaintiff and caused disruption to her daily life.

## CLASS ALLEGATIONS

### PROPOSED CLASS

35.    Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and all others similarly situated.

36.    Plaintiff brings this case on behalf of the class defined as follows:

> **Do Not Call Registry Class: All persons in the United States who from four years prior to the filing of this action (1) were sent a text message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and services; and (5) for whom Defendant claims (a) it did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.**

> **Colorado No-Call Class: All persons in Colorado who, from four years prior to the filing of this action, (1) were sent a text message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone**

**number had been listed on the National Do Not Call Registry, and thereby the Colorado no-call list pursuant to Colo. Rev. Stat. § 6-1-905(3)(c), for at least thirty days; (4) for the purpose of selling Defendant's products and services; and (5) for whom Defendant claims (a) it did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to contact the Plaintiff.**

37. Defendant and its employees or agents are excluded from the class. Plaintiff does not know the number of members in the class but believes the Class members number in the several thousands, if not more.

**NUMEROSITY**

38. Upon information and belief, Defendant has placed violative calls to cellular telephone numbers belonging to thousands of consumers throughout the United States who are registered on the Do Not Call registry. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

39. The exact number of members of the Class is unknown, and can be determined only through appropriate discovery. Identification of the Class members is a matter capable of ministerial determination using Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

40. There are many questions of law and fact which are common to the Class, including, but not limited to:

   a) Whether Defendant made telephone solicitations to members of the Class;
   b) Whether Defendant's text messages constituted telemarketing;
   c) Whether members of the Class were registered on the National Do Not Call Registry;

d) Whether Defendant violated 47 C.F.R. § 64.1200(c) by sending unsolicited telemarketing text messages to persons registered on the National Do Not Call Registry;

e) Whether Defendant violated 47 C.F.R. § 64.1200(d) by failing to maintain an internal do-not-call list;

f) Whether Defendant violated the Colorado No-Call List Act, Colo. Rev. Stat. §§ 6-1-901 et seq., by sending unsolicited telemarketing text messages to Colorado residents registered on the national do-not-call list;

g) Whether Defendant's violations were willful or knowing; and

h) The amount of damages to which the Class is entitled.

41. The above common questions of law and fact predominate over questions affecting only individual Class members, and a class action is superior to other methods for the fair and efficient adjudication of this lawsuit.

### TYPICALITY

42. Plaintiff's claims are typical of the claims of other members of the Class, as all members of the Class are similarly affected by Defendant's wrongful conduct in that Defendant sent unauthorized text messages to Class members' telephones without their consent, in violation of the TCPA and the CNCLA.

### ADEQUACY OF REPRESENTATION

43. Plaintiff is a representative who will fully and adequately assert and protect the interests of the class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the class.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

44. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained

by the class are in the millions of dollars, the individual damages incurred by each member of the class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

45.    The prosecution of separate actions by members of the class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the class, although certain class members are not parties to such actions.

**COUNT I**
**Violation of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

46.    Plaintiff repeats and re-alleges paragraphs 1 through 45 of this Complaint and incorporates them by reference herein.

47.    The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

48.    47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[1]

49.    47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity

has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

50.    Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

51.    Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telep[1]hone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

52.    Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

53.    To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## COUNT II

---

[1] [1]*Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

**Knowing and/or Willful Violations of the TCPA**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

54.    Plaintiff re-alleges and incorporates paragraphs 1–45 as if fully set forth herein.

55.    At all times relevant, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

56.    Defendant knew that it did not have prior express consent to transmit telemarketing text messages and knew or should have known that its conduct was a violation of the TCPA.

57.    Defendant knew or should have known that Plaintiff's number was on the National Do Not Call Registry and that sending text messages to such numbers violated federal regulations.

58.    Because Defendant knew or should have known that Plaintiff and Class Members had not given prior express consent to receive its telemarketing text messages and that their numbers were on the National Do Not Call Registry, the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative class pursuant to § 227(c)(5) of the TCPA.

59.    As a result of Defendant's violations, Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

**COUNT III**
**Violation of the Colorado No-Call List Act, Colo. Rev. Stat. §§ 6-1-901 et seq.**
**(On Behalf of Plaintiff and the Colorado No-Call Class)**

60.    Plaintiff repeats and re-alleges paragraphs 1 through 45 of this Complaint and incorporates them by reference herein.

61.    The Colorado No-Call List Act prohibits any person or entity from making or causing to be made any telephone solicitation to the telephone of any residential subscriber or

wireless telephone service subscriber in this state who has added his or her telephone number and zip code to the Colorado no-call list. Colo. Rev. Stat. § 6-1-904(1)(a).

62.     Pursuant to Colo. Rev. Stat. § 6-1-905(3)(c), the Colorado no-call list incorporates the federal National Do Not Call Registry, such that all telephone numbers registered on the NDNCR are afforded the same protections under Colorado law.

63.     The CNCLA explicitly defines "telephone solicitation" to include text message communications. Colo. Rev. Stat. § 6-1-903(10)(a).

64.     Plaintiff registered her 2130 Number with the National Do Not Call Registry on December 6, 2014, and her number has thereby been included in the Colorado no-call list at all times relevant to this action.

65.     Defendant violated the CNCLA by initiating, or causing to be initiated, telephone solicitations via text message to Plaintiff and the Colorado No-Call Class members whose telephone numbers were registered on the National Do Not Call Registry and thereby the Colorado no-call list, without their prior express written consent.

66.     As a result of Defendant's violations of the CNCLA, Plaintiff and the Colorado No-Call Class members suffered actual damages and are entitled to recover the greater of their actual damages or $500.00 for each violation pursuant to Colo. Rev. Stat. § 6-1-113.

67.     To the extent Defendant's violations are found to be intentional, the Court may increase the award of damages to $1,500.00 for each violation pursuant to Colo. Rev. Stat. § 6-1-113.

68.     Plaintiff and the Colorado No-Call Class members are also entitled to recover their reasonable attorney's fees and costs pursuant to Colo. Rev. Stat. § 6-1-113.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually and on behalf of the classes, prays for the following relief:

a)  An order certifying this case as a class action on behalf of the classes as defined above, and appointing Plaintiff as the representative of the classes and Plaintiff's counsel as Class Counsel;

b)  A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, and the Colorado No-Call List Act, Colo. Rev. Stat. §§ 6-1-901 et seq;

c)  An injunction requiring Defendant to cease all text message solicitations to numbers on the Do Not Call Registry, and to Colorado residents registered on the Colorado no-call list, and to otherwise protect the interests of the classes;

d)  An award of actual and statutory damages under the TCPA and the CNCLA for Plaintiff and each member of the classes;

e)  An award of reasonable attorney's fees and costs pursuant to Colo. Rev. Stat. § 6-1-113 for Plaintiff and each member of the Colorado No-Call Class;

f)  Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors,

individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: June 26, 2026

Respectfully submitted,

**Shamis & Gentile, P.A.**
*/s/ Leanna Loginov*
Leanna Loginov, Esq.
lloginov@shamisgentile.com
14 NE 1st Ave., Suite 705
Miami, Florida 33132
Telephone: 305-479-2299

*Counsel for Plaintiff and the Proposed Classes*